JUDGEMENT ENTRY
{¶ 1} This court released its opinion in State v. Jones on November 25, 2002. Appellant has filed this application for reconsideration pursuant to App.R. 26(A).
{¶ 2} Initially, we will address the timeliness of appellant's application. According to App.R. 26(A), appellant's application for reconsideration was due, "before the judgment or order of the court has been approved by the court and filed by the clerk for journalization or within ten days of the announcement of the court's decision, whichever is the later." Although the opinion contained the date November 22, 2002, the opinion and judgment were not filed with the clerk of courts until November 25, 2002. The date the opinion was filed is date of the announcement of the court's decision.
{¶ 3} Appellant's application for reopening was filed, via facsimile, on December 5, 2002. This was within ten days of November 25, 2002, the date of the announcement of the decision. Thus, appellant's application for reconsideration was timely filed.
{¶ 4} This court has adopted the following standard to be used when reviewing an application for reconsideration:
{¶ 5} "'The test generally applied (in App.R. 26(A) motions) is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been.'"
{¶ 6} This court found merit in appellant's second assignment of error and remanded the matter for a new trial. Appellant asserts that this court mistakenly ruled his first assignment of error moot. Essentially, appellant is arguing that this court did not fully consider his first assignment of error.
{¶ 7} In his first assignment of error, appellant was challenging the sufficiency of the evidence. If this court were to find merit in appellant's first assignment of error, the state would be barred from retrying appellant. Accordingly, appellant is correct in pointing out an issue that was not fully considered by this court but should have been. This court should have addressed appellant's first assignment of error on its merits, rather than finding the assigned error to be moot.
{¶ 8} Appellant's application for reconsideration filed December 5, 2002, is granted. Our opinion and judgment entry filed on November 25, 2002, are vacated. The clerk of courts is instructed to reinstate this matter on the docket of the court of appeals pending further order of this court. A new opinion and judgment entry will be released in this case.
{¶ 9} Pursuant to this entry, appellant's application for reconsideration, filed with this court on December 6, 2002, and appellee's December 12, 2002 motion to strike are hereby overruled as moot.